IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jameson Donzell Lyde, | ) | Civil Action No. 4:10-cv-70196-TLW |
| | ) | Criminal Action No. 4:07-cr-348 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the pro se Petitioner Jameson Donzell Lyde's (hereinafter "Lyde" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). Petitioner was sentenced on November 20, 2007, and the judgment in this case was entered on January 14, 2008. Petitioner did not appeal.

The Petitioner filed the present action on May 20, 2010 alleging a single ground for relief pursuant to 28 U.S.C. § 2255. On June 3, 2010, the Government filed a Response in Opposition to Petitioner's Petition and a Motion for Summary Judgment. (Docs. # 111 & # 112). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed July 9, 2010, that he had thirty-four days to file any material in opposition to the motion for summary

judgment. (Doc. # 113). On August 9, 2010, Petitioner filed a "Reply to Governments Answer." (Doc. # 115).

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## SUMMARY JUDGMENT STANDARD

The Government filed a response and motion for summary judgment as to the ground raised by Petitioner. (Doc. # 112). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

# DISCUSSION

Petitioner has filed this action in which he makes the following claim in his petition (set forth verbatim):

> Substantial "Common Law" Application of Fail to Stop for Blue Light
> Fail to Stop for blue light in Prior record counted twice in sentencing on Case # 4832410
> USSG 4A1.1c and USSG § 3E1.1b.[1]

Petitioner references in his Petition and attaches to it the case of United States v. Rivers, 595 F.3d 558 (4th Cir.2010). In its filings, the Government asserts as follows:

> Mr. Lyde's petition must be dismissed. The government is entitled to summary judgement because Mr. Lyde was not sentenced under Title 18, United States Code, Section 924(e), the Armed Career Criminal statute. He pled guilty to Count 4 which charged possession with intent to distribute 5 grams or more of cocaine base. He faced a sentence of 5 years to 40 years. His total offense level was 27. He faced a guideline range of 87-108 months. The Court sentenced him to 90 months. The *Rivers* case cited by Mr. Lyde applies to the utilization of the South Carolina blue light statute as a predicate offense under Title 18, United States Code, Section 924(e). It has nothing to do with Mr. Lyde's case.

In his Reply, the Petitioner indicates as follows:

> Comes now the petitioner Jameson Donzell Lyde, pro se, before this Honorable Court and offer in support to the filing for the points in original sentence to be revisited after the fact that the Supreme Court ruled that the "fail to stop for a blue light," in the state of South Carolina is not a crime of violence thus, this filing and support follows.

A Brief by Petitioner is attached to this filing. (Doc. # 115).

After careful review of the record in this case, the positions of the parties as well as the relevant case law, the Court finds the Government's position in this case to be sufficiently persuasive. Mr. Lyde was not sentenced under Title 18, United States Code, Section 924(e), the

---

[1] The Court that U.S.S.G. § 3E1.1(b) is the guideline section which provides for an additional one level reduction for acceptance of responsibility upon the government's motion based on a defendant's timely notice of intention to plead. Petitioner received this one level reduction in his Pre-Sentence Investigation Report. This reduction benefits defendant and is unrelated to his failure to stop for a blue light conviction.

Armed Career Criminal statute. Instead, he pled guilty to Count 4 which charged possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He faced a sentence of 5 years to 40 years. His base offense level was 30 based on the drug weights attributable to him. He received three levels off for acceptance of responsibility pursuant to U.S.S.G. 3e1.1 resulting in a total offense level of 27.

Petitioner had a total of 4 criminal history points placing him in a criminal history category of III. Petitioner does have a prior conviction for failure to stop for a blue light noted in paragraph 21 of his Pre-Sentence Investigation Report (hereinafter "PSI"). This paragraph also contains a conviction for resisting arrest. The convictions in this paragraph received one criminal history point pursuant to U.S.S.G. 4A1.1(c). Other than being assigned one criminal history point, the failure to stop for a blue light conviction was not used to enhance defendant's sentence in any way.

The Court concludes that Petitioner appropriately received one point under guideline section 4A1.1(c) for the convictions in paragraph 21 of his PSI, which included his failure to stop for a blue light conviction. U.S.S.G. 4A1.1 provides in relevant part:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

Defendant received 1 year suspended to a fine and one year probation for his failure to stop for a blue light conviction. He received 1 year suspended during probation for his resisting arrest conviction. Either of these convictions with their corresponding dispositions would be sufficient to sustain the

5

one criminal history point assignment under 4A1.1(c). Additionally, the assignment of a criminal history points under this section is unaffected by Rivers.

Based on a total offense level of 27 and criminal history category of III, Defendant faced a guideline range of 87-108 months. The Court sentenced him to 90 months.

The Rivers case cited by Mr. Lyde applies to the utilization of the South Carolina blue light statute as a predicate offense under Title 18, United States Code, Section 924(e). It is inapplicable to Petitioner's case.

## CONCLUSION

For all of the reasons cited above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Respondent's motion for summary judgment is **GRANTED** (Doc. # 112), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

            s/ Terry L. Wooten
          **TERRY L. WOOTEN**
      **UNITED STATES DISTRICT COURT JUDGE**

December 10, 2010
Florence, South Carolina